NOT FOR PUBLICATION                                                                      CLOSED

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| CYNTHIA COCAGEE,<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>　　　　　　Defendant. | Civil Action No.: 08-3989 (JLL)<br><br><br>OPINION |

　　　　Presently before the Court is Plaintiff's Complaint seeking review of the Administrative Law Judge's ("ALJ") decision denying Plaintiff's Disability Insurance and Supplemental Security Income benefits. No oral argument was heard. Fed. R. Civ. P. 78. The Court has considered the parties' submissions, and, for the reasons set forth below, this Court again remands the matter to the ALJ for further consideration.

**I.       BACKGROUND**

　　　　On March 4, 2006, ALJ Dennis O'Leary issued a decision finding Plaintiff not disabled. Plaintiff appealed. In remanding the matter to the ALJ, this Court on March 27, 2007, ordered that the ALJ re-evaluate the record and provide a detailed analysis and explanation of the following:

　　　1.　　Plaintiff's treating physician's assessment, in accordance with 20 C.F.R. §§ 404.1527, 416.927, the weight given to same and the reasons why;
　　　2.　　Plaintiff's mental impairments and/or limitations, including Plaintiff's anxiety and depression, as well as the weight given to same and the reasons why.

Cocagee v. Comm'r of Soc. Sec., Civil Action No. 06-4616, CM/ECF No. 17 (Mar. 29, 2007) (JLL). The order also required the ALJ on remand to "obtain vocational expert testimony regarding the existence of jobs in the national economy that Plaintiff is capable of performing, in accordance with Sykes v. Apfel, 228 F.3d 259, 273 (3d Cir. 2000), if the ALJ determines that the additional non-exertional limitation(s) substantially reduces the range of work that Plaintiff could otherwise perform." Id. On May 27, 2008, the ALJ issued its new decision, again finding Plaintiff not disabled. (R. 440.)

## II.   DISCUSSION

There is no dispute that the ALJ obtained vocational expert testimony. In this appeal Plaintiff asserts that on remand the ALJ again failed to adequately evaluate, weigh, and explain the records of Plaintiff's treating physician and Plaintiff's mental impairments and limitations in accord with this Court's Order.

With respect to the re-evaluation of the records and opinions of Plaintiff's treating physician and other medical personnel, this Court finds that the ALJ again failed to adequately weigh and explain his reasons for discounting these records and opinions. Dr. Jihad Slim and Ms. Scangarello (under the supervision of Dr. Slim) are Plaintiff's primary treating sources for her HIV and Hepatitis C co-infections. In a sixteen-page decision, the ALJ allocates two brief paragraphs to a discussion of Dr. Slim's opinion. The first paragraph notes that Dr. Slim's opinion that Plaintiff is unable to work could not be "accorded any particular weight" because it was a legal question reserved to the ALJ's discretion under 20 C.F.R. §§ 404.1527(e), 416.927(e). While it is well recognized that a statement from a "plaintiff's treating physician supporting an assertion that she is 'disabled' or 'unable to work' is not dispositive of the issue[,]

[t]he ALJ must review all the medical findings and other evidence presented in support of the attending physician's opinion of total disability." Adorno v. Shalala, 40 F.3d 43, 47-48 (3d Cir. 1994) (internal citation omitted).  Thus, in accord with this Court's prior Order, a thorough review of the records was required.

The other paragraph discussing Plaintiff's treating physician's opinions referenced one form filled out on December 5, 2005.  The form was not accorded any significant weight by the ALJ because the ALJ found it lacked specificity.  (R. 438.)   However, in the ALJ's May 2008 Decision, the form was not properly cited to the record and, therefore, could not be located to evaluate the ALJ's assertion that it lacked specificity.  The decision did not discuss any other records of Plaintiff's treating physician.  Given the sheer size of the record and the medical files contained therein, it defies logic to presume that the few exhibits referred to and rejected by the ALJ in the two brief paragraphs of his decision represent a true re-evaluation and detailed analysis and explanation of Plaintiff's treating medical sources' assessments and opinions. While the ALJ did indicate the weight given to the referenced items, the cursory reasons provided and the few items referenced, without a more detailed exploration of the full content of Plaintiff's medical record, fail to demonstrate that all of the evidence was considered and the reasons for rejecting it as required by this Court's prior Order.

Additionally, in the ALJ's May 2008 Decision, he stated that he accorded substantial weight to the opinion of Dr. Fechner, a board-certified internist who testified as an "impartial medical expert" at the supplemental hearing.  (Id. at 436.)  Dr. Fechner never examined Plaintiff. (Id.)  In contrast to the cursory discussion of Plaintiff's treating medical practitioners, the ALJ spends two lengthy paragraphs discussing Dr. Fechner's testimony, findings, expertise and

credentials. (Id. at 436-37.) The Third Circuit has held "that it is improper for an ALJ to credit the testimony of a consulting physician who has not examined the claimant when such testimony conflicts with testimony of the claimant's treating physician." Dorf v. Bowen, 794 F.2d 896, 901 (3d Cir. 1986). It is also well established in the Third Circuit that "opinions of a doctor who has never examined a patient" have less impact than those of examining doctors. Brewster v. Heckler, 786 F.2d 581, 585 (3d Cir. 1986). Here, because of the lack of thorough examination of the assessments and opinions of Plaintiff's treating medical practitioners, the Court is unable to evaluate whether the ALJ properly discounted Dr. Slim's and Ms. Scangarello's opinions in favor of Dr. Fechner.

With regard to this Court's March 2007 Order for the ALJ to re-evaluate Plaintiff's mental impairments and limitations, this Court finds that the ALJ's discussion of Plaintiff's mental impairments in his May 2008 Decision was considerably less extensive than his discussion of her mental impairments in his March 2006 Decision. (R. 437-38; 21-22.) Therefore, the ALJ also failed to adequately re-evaluate and explain her mental impairments as required.

The ALJ was required to re-evaluate and provide a "detailed analysis and explanation" regarding "Plaintiff's mental impairments and/or limitations, including Plaintiff's anxiety and depression," and describe the "weight given to same and the reasons why." (Id. at 441.) Rather than re-evaluate Plaintiff's mental impairments, specifically her anxiety and depression, as required by this Court's Order, the ALJ provided a shortened reiteration of his original opinion. (See id. 21-22; 437-38.) In both decisions he accorded substantial weight to the one-time consultative mental examination and assessment of Dr. Moorehead, a State agency psychologist.

(Id. at 21-22; 437.)  The ALJ, in the May 2008 Decision, cited the same content from Dr. Moorehead's April 2004 mental examination of Plaintiff without any further insight or discussion.  (Id. at 437.)

Additionally, in both decisions he accorded weight to the opinions of DDS mental health consultants who assessed Plaintiff.  (Id. at 22; 437.)  In his 2006 Decision he refers to the DDS consultant, a State agency psychiatrist, by name, Dr. Max Brandt.  Dr. Brandt assessed Plaintiff in June 2004.  In the 2006 Decision, the ALJ went into great detail about Dr. Brandt's findings.  However, in the ALJ's 2008 Decision that detail was replaced with a combined summary of the opinions of two DDS mental health consultants, Dr. Max Brandt and Leslie Williams.  Ms. Williams filled out a mental assessment of the Plaintiff on November 9, 2006; her title and credentials are not noted on the form.  In summarizing their opinions, the ALJ notes that they are "highly qualified mental health specialists" and that "the[ir] opinions are supported by adequate written rationales" and are "consistent with the totality of the evidence as to the claimant's usual mental functioning."  (Id. at  437-38.)  But, in the May 2008 Decision, there is no substantive discussion of Plaintiff's anxiety and depression.  In fact the terms "depression" and "major depressive disorder" are noticeably absent from his discussion.  Therefore, it is impossible to determine whether the opinions provided by the DDS consultants are consistent with the totality of the evidence because a full discussion of such evidence, as required by this Court's 2007 Order, is absent from the ALJ's May 2008 Decision.

In addition to the circumscribed discussion of Plaintiff's mental impairments and limitations in the May 2008 Decision, the reasoning for excluding some of Plaintiff's treating medical practioners' medical opinions is vague and incomplete.  The ALJ states in the decision

that he accords little weight to the opinions of Ms. Scangarello, a nurse practitioner, and Waldemar Rosado, a therapist, that Plaintiff "had greater physical and/or mental functional limitations than the ones found herein." (Id. at 438.) The stated reason given for discrediting their assessments is that the date they furnished their opinions coincided with Plaintiff stopping a course of Interferon treatment and beginning treatment for hypothyroidism. (Id.) Thus, in spite of their long history treating Plaintiff ("several years" for Ms. Scangarello and at least one year for Mr. Rosado), the ALJ appears to presume that their opinions could not have been based on her lengthy treatment history, but rather were most likely related to Plaintiff's immediate medical exigencies. (Id.) It is "[a] cardinal principle guiding disability eligibility determinations . . . that the ALJ [is to] accord treating physicians' reports great weight, especially when their opinions reflect expert judgment based on a continuing observation of the patient's condition over a prolonged period of time." Morales v. Apfel, 225 F.3d 310, 317 (3d Cir. 2000). Thus, when rejecting a treating physician's assessment, "an ALJ may not make 'speculative inferences from medical reports' and may reject a 'treating physician's opinion outright only on the basis of contradictory medical evidence and not due to his . . . own credibility judgments, speculation or lay opinion." Id. Therefore, without a greater explanation, the ALJ's presumptive conclusion was in error.

      The ALJ does give an additional reason for dismissing Ms. Scangarello's assessment of Plaintiff's mental functioning. He states that the assessment is outside her "scope of medical specialization." (Id.) He states that as a nurse practitioner her expertise is limited to physical impairments, suggesting that mental impairments are outside this expertise. (Id.) This rejection of Ms. Scangarello's mental assessment of Plaintiff at least makes clear the ALJ's reason for

rejecting it. The same is not true, however, for his rejection of Mr. Rosado's assessments. Beyond the comment above regarding the change in Plaintiff's medication, the ALJ makes no further mention of Mr. Rosado or of the mental assessment he made of Plaintiff. (R. 438; 577-583.) Therefore, it is unclear whether the ALJ considered and rejected Mr. Rosado's assessment solely based on the date of the assessment as mentioned above, whether he considered and rejected it for other reasons, or whether the assessment was not fully considered. To fulfill its judicial review function, a court "need[s] from the ALJ not only an expression of the evidence s/he considered which supports the result, but also some indication of the evidence which was rejected[;] [i]n the absence of such an indication, the reviewing court cannot tell if significant probative evidence was not credited or simply ignored." Cotter v. Harris, 642 F.2d 700, 705 (3d Cir. 1981).

Finally, while his original decision referenced a diagnosis of major depressive disorder by Plaintiff's treating physician, there is no mention of this diagnosis in his current decision. (R. 21.) For these reasons, the Court finds that the ALJ's re-evaluation of Plaintiff's mental impairments and limitations was not adequate.

### III.     CONCLUSION

For the foregoing reasons, this Court finds that the ALJ's May 2008 Decision should be reversed and remanded. On remand, the ALJ should re-evaluate and analyze Plaintiff's medical records with regard to her physical and mental impairments in accordance with this Court's 2007 Order. An appropriate Order accompanies this Opinion.

DATE: July 29, 2009                            /s/ Jose L. Linares
                                               JOSE L. LINARES, U.S.D.J.